UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL WONSIK,

      Petitioner,

    v.                          Case No.:  2:26-cv-01475-SPC-DNF

WARDEN, SOUTH FLORIDA
DETENTION FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Paul Wonsik's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Wonsik's amended petition (Doc. 10).

Wonsik is a native and citizen of the Bahamas who was paroled into the United States on June 27, 1993, and later became a lawful permanent resident. In 2008, Wonsik was convicted of driving under the influence. Then in 2015, he was convicted of criminal use of personal identification, grand theft, and simulation of legal process. And on April 27, 2020, Wonsik was convicted of two counts of child abuse and possession of ammunition and sentenced to three years' incarceration. Immigration and Customs Enforcement ("ICE") commenced removal proceedings on December 3, 2020, by issuing a notice to appear. ICE released him under an order of supervision 12 days later, due to

COVID-19 policies.  On March 2, 2026, local law enforcement arrested Wonsik for driving under the influence.  ICE issued an immigration detainer and took custody of Wonsik on April 8, 2026.

Wonsik claims his continued detention violates the Fifth Amendment.  The government argues mandatory detention under § 1226(c) is proper due to his convictions for crimes involving moral turpitude.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c).  "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed."  *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).

The Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged."  *Id.* at 1214.  The court adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing.  It identified a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case.  *Id.* at 1218.  The Court finds three factors particularly relevant here.

1.    <u>The amount of time the alien has been detained without a bond hearing</u>

Wonsik has been detained since April 8, 2026—so 61 days as of this Order—without a bond hearing. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness." *Sopo*, 825 F.3d at 1217. Given the duration of Wonsik's detention, this factor favors the government.

2.    <u>Whether it will be possible to remove the alien after a final order of removal</u>

Wonsik is not subject to a final removal order yet. He acknowledges the Bahamas will accept him for repatriation, but he claims he has enemies in the government who have threatened his life. Thus, Wonsik might have a claim for withholding of removal or relief under the Convention Against Torture. Because the Court cannot gauge the merits of such a claim based on the record before it, this factor favors neither party.

3.    <u>Whether the time in immigration detention exceeds the prison sentence</u>

Wonsik's time in immigration detention has not come close to the three-year prison sentence he received for child abuse. This factor favors the government.

After weighing the *Sopo* factors, the Court finds Wonsik's detention lawful under § 1226(c).

Accordingly, it is hereby

**ORDERED**:

Paul Wonsik's original and amended Petition for Writ of Habeas Corpus (Docs. 1 and 10) are **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4